NO. 07-02-0451-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 18, 2003

_____

DALE SWINDALL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-434197; HONORABLE JOHN FORBIS, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant was convicted by a jury of aggravated sexual assault and punishment was assessed at confinement for life.[1] Presenting a sole

_____

[1]An appeal from this conviction was previously dismissed for want of jurisdiction in cause number 07-00-0559-CR. However, following his post-conviction application for a

issue, appellant asserts he was denied effective assistance of counsel in violation of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. Based upon the rationale expressed herein, we affirm.

Appellant contends he was denied ineffective assistance of counsel. We disagree. A claim of ineffective assistance of counsel is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[2] Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); *see also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words, appellant must demonstrate that the deficient performance prejudiced his defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness

---

writ of habeas corpus, the Court of Criminal Appeals granted appellant an out-of-time appeal.

[2]The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507, 516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).

claim.  Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel.  *Id*.  Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight.  Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993).  Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); *see also* Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001).  Also, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999).

Appellant was convicted of sexual assault of a child.  He claims counsel was ineffective in the following acts of omission:

- failure to adequately investigate the facts;
- failure to seek out and interview potential witnesses;
- failure to call witnesses to testify; and

3

• failure to present documentary evidence through expert witnesses that would have created reasonable doubt.

Relying on Smith v. State, 894 S.W.2d 876 (Tex.App.–Amarillo 1995, pet. ref'd) and Winn v. State, 871 S.W.2d 756 (Tex.App.–Corpus Christi 1993, no pet.), appellant contends trial counsel failed to call an expert witness to testify or present medical records that he suffered from erectile dysfunction at the time of the alleged offense. He also complains that no expert testimony was presented that he had Peyronie's disease and the effect of it on his ability to function sexually and that he had seen a doctor for that condition in July 1997. Appellant concludes that trial counsel's acts of omission were harmful because expert testimony would have refuted the victim's testimony.

Following his conviction, appellant filed a motion for new trial alleging ineffective assistance of counsel. However, no hearing was held on the motion and it was overruled by operation of law. Trial counsel should ordinarily be afforded an opportunity to explain his trial strategy before being denounced as ineffective. *Rylander*, 101 S.W.3d at 111, citing *Bone*, 77 S.W.3d at 836. As the Court of Criminal of Appeals has previously stated, rarely will the record on direct appeal be sufficient to show that counsel's conduct was so deficient as to meet the first prong of *Strickland* as the "reasonableness of counsel's choices often involves facts that do not appear in the appellate record." Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). An application for a post-conviction writ of a

4

habeas corpus is the more appropriate vehicle to raise and develop ineffective assistance of counsel claims. *Id.*

As the State urges, there is nothing in this record to show counsel's motives or strategy in not presenting expert testimony of appellant's claims of erectile dysfunction and Peyronie's disease. The appellate record is not adequately developed to sustain appellant's argument and on the record before us, we cannot determine whether counsel's conduct fell below an objective standard of reasonableness. Appellant's sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.